

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMY GONZALEZ<br>*Plaintiff.* | ) ) ) | CIVIL ACTION NO: |
| v. | ) ) | |
| STEPHENS & MICHAELS<br>ASSOCIATES, INC.<br>*Defendant.* | ) ) ) ) ) ) | 4-15CV-166-Y<br><br>TRIAL BY JURY DEMANDED |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff Amy Gonzalez, complains of Stephens & Michaels Associates, Inc. Defendant, and for cause of action would respectfully show as follows:

### NATURE OF ACTION

1. This is an action for damages brought by individual, Plaintiff Amy Gonzalez against Defendant Stephens & Michaels Associates, Inc. for violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(b)(1)(A), 47 U.S.C. § 227(b)(1)(A)(iii) and Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et al.

2. Plaintiff contends that Defendant called her cellular telephone number using an automatic telephone dialing system as defined by the Telephone Consumer Protection Act, 47 U.S.C. §227(a)(1) without express consent to do so. Defendant also failed to meaningfully disclose their identify and purpose of the phone call.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 47 U.S.C. §227(b)(3).

2. This Court has jurisdiction over Defendant pursuant to 28 U.S.C. §1391b because Defendant engages in business within this state, to wit debt collection.

3. Venue is proper pursuant to 28 U.S.C. §1391b and 47 U.S.C. §227(b)(3).

4. Venue in the Northern District of Texas, Fort Worth Division is proper in that the Plaintiff resides in State of Texas, Tarrant County, City of Fort Worth, the Defendant transacts business here, and the conduct complained of occurred here.

5. All conditions precedent to the bringing of this action, have been performed.

## PARTIES

6. The Plaintiff in this lawsuit is Amy Gonzalez, a natural person and a citizen of Tarrant County, Texas.

7. Defendant in this lawsuit is Stephens & Michaels Associates, Inc., (herein after "Stephens & Michaels") a debt collection company with principal office at 7 Stiles Road, Salem, NH 03079.

8. Stephens & Michaels may be served with process by serving its registered agent for service of process: Corporation Service Company d/b/a CSC-Lawyers Inco., 211 E. 7th Street, Suite 620, Austin, Texas 78701.

9. Stephens & Michaels is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. Stephens & Michaels is in the business of collecting consumer debts using the mails and telephone and regularly collects, or attempts to collect, consumer debts owed, or alleged to be owed, to another person.

## FACTUAL ALLEGATIONS

11. The telephone number (586) 265-4226 is assigned to a cellular telephone belonging to the Plaintiff Amy Gonzalez.

12. On or about August 14, 2014, Stephens & Michaels began calling the wireless cellular phone number (586) 265-4226 from telephone number (866) 788-9612, (866) 679-9649, and (866) 201-0940 which is a number known to be used by Stephens & Michaels in their daily operations.

13. **See Exhibit A**, Stephens & Michaels called the cellular telephone number (586) 265-4226 on the following dates and times:

    1. August 05, 2014 at 05:34 p.m.
    2. August 14, 2014 at 03:16 p.m.
    3. August 21, 2014 at 06:28 p.m.
    4. September 10, 2014 at 02:45 p.m.
    5. September 25, 2014 at 12:20 p.m.
    6. October 14, 2014 at 03:07 p.m.
    7. November 06, 2014 at 04:28 p.m.
    8. November 14, 2014 at 04:21 p.m.

14. November 06, 2014 at 04:28 p.m., the telephone call was answered and Stephens & Michaels were informed to stop calling the cell phone number. Stephens & Michaels ignored the request to stop calling the cellular phone and continued calling the cellular phone number (586) 265-4226.

15. Refer to ¶13, Stephens & Michaels used an automatic telephone dialing system to dial Plaintiff's wireless cellular phone as defined by the Telephone Consumer Protection Act, 47 U.S.C. §227(a)(1).

16. Refer to ¶13, Stephens & Michaels called Plaintiff's cellular phone for a non-emergency purpose.

17. Plaintiff has no prior or present established relationship with Stephens & Michaels.

18. Plaintiff has no contractual obligation to pay Stephens & Michaels any alleged consumer debt.

19. On January 13, 2015, Plaintiff sent a letter informing Stephens & Michaels said actions were a violation of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(b)(1)(A) and 47 U.S.C. § 227(b)(1)(A)(iii). This was in an effort to amicably resolve the matter prior to litigation.

20. All violations complained of herein occurred within the statute of limitations of the applicable federal statutes.

### COUNT I

### VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §227(b)(1)(A) BY DEFENDANT STEPHENS & MICHAELS ASSOCIATES, INC.

21. Paragraphs 1 through 20 are re-alleged as though fully set forth herein.

22. Plaintiff and Stephens & Michaels do not have an established business relationship within the meaning of 47 U.S.C. §227(a)(2).

23. Stephens & Michaels called Plaintiff's cellular telephone using an "automatic telephone dialing system" within the meaning of 47 U.S.C. §227(a)(1).

24. 47 U.S.C. §227(b)(1)(A) which states in part;

   (b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—

   (1) PROHIBITIONS.—It shall be *unlawful for any person* within the United States, or any person outside the United States if the recipient is within the United States—

   *(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—*

25. In each telephone communication referenced in ¶13, Stephens & Michaels has demonstrated willful or knowing non-compliance with 47 U.S.C. § 227 (b)(1)(A) by using an automatic telephone dialing system or used a telephone dialing system that has

the *capacity* to automatically call the Plaintiff's cellular telephone number (586) 265-4226, which is assigned to a cellular telephone service *with no prior express consent* and for *no emergency purpose*.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the Telephone Consumer Protection Act and/or admission from the Defendant(s) that they violated the Telephone Consumer Protection Act;

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C §227(b)(3)(B); which states in part: an action to recover for actual monetary loss form such a violation, or to receive $500 in damages for each such violation, whichever is greater.

c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C §227(b)(3)(C); which states in part: If the Court finds that the Defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the Court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 (three) times the amount available under subparagraph (B) of this paragraph.

d) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

### VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §227(b)(1)(A)(iii) BY DEFENDANT STEPHENS & MICHAELS ASSOCIATES, INC.

26. Plaintiff alleges and incorporates the information in paragraphs 1 through 25.

27. 47 U.S.C. §227(b)(1)(A)(iii) which states in part;

> (b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—
>
>> (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>>
>>> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>>>
>>> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

28. In each telephone communication referenced in ¶13, Stephens & Michaels has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A)(iii) by using equipment with automatic telephone dialing system or used a telephone dialing system that has the *capacity* to automatically call the Plaintiff's number (586) 265-4226, which is *assigned to a cellular telephone service.*

29. In the telephone communications referenced in ¶14, Stephens & Michaels has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A)(iii) by using equipment with automatic telephone dialing system or used a telephone dialing system that has the capacity to automatically call the Plaintiff's cellular phone number (586) 265-4226, which the Plaintiff was *charged* for the telephone calls.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

e) Adjudging that Defendant violated the Telephone Consumer Protection Act and/or admission from the Defendant(s) that they violated the Telephone Consumer Protection Act;

f) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C §227(b)(3)(B); which states in part: an action to recover for actual monetary loss form such a violation, or to receive $500 in damages for each such violation, whichever is greater.

g) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C §227(b)(3)(C); which states in part: If the Court finds that the Defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the Court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 (three) times the amount available under subparagraph (B) of this paragraph.

h) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692d(6) BY DEFENDANT STEPHENS & MICHAELS ASSOCIATES, INC.

30. Paragraphs 1 through 29 are re-alleged as though fully set forth herein.

31. Defendant aforementioned conduct violated the FDCPA.

32. On November 06, 2014 at 04:28 p.m., Stephens & Michaels called Plaintiff's cellular phone number (586) 265-4226 and failed to meaningfully disclose the identity and purpose of the phone call in violation of 15 U.S.C. § 1692d(6).

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA and/or admission from the Defendant(s) that they violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C § 1692k.

c) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

d) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

e) Awarding such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby demands trial by jury.

Dated:  March 06, 2015

Respectfully Submitted,

Amy Gonzalez
416 Chatamridge Court
Fort Worth, TX 76052
(817) 909-8558
gonamyleigh@yahoo.com




Exhibit A